UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD SATISH EMRIT, et al., | Case No. 2:14-cv-01760-GMN-PAL |
| Plaintiffs, | ORDER |
| v. | (IFP App – Dkt. ##10, 11)<br>(Mtn in Limine – Dkt. #17)<br>(Mtn to Reopen – Dkt. #18)<br>(Mtn to Vacate – Dkt. #19) |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

This matter is before the court on Plaintiff Ronald Satish Emrit and Nicole Rocio Leal-Mendez's Applications to Proceed in Forma Pauperis (Dkt. ##10, 11), Motion in Limine (Dkt. #17), Motion to Reopen Case (Dkt. #18), and Motion to Vacate Order Dismissing Case (Dkt. #19). Plaintiffs are proceeding in this action pro se. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR 1-4. The court has considered the Applications and the Motions.

Plaintiffs submitted a Complaint, asserting various claims against the Social Security Administration on October 16, 2014. Plaintiffs did not pay the required filing fee or file separate applications to proceed in forma pauperis in compliance with 28 U.S.C. § 1915(a)(1). Consequently, the court entered an Order (Dkt. #9) directing them to either pay the filing fee or file separate applications to proceed in forma pauperis. In addition, the court denied various Motions (Dkt. ##3, 4, 5, 6, 7) without prejudice. Plaintiffs complied and submitted the instant Applications.

Shortly thereafter, but before the court had ruled on the Applications, Plaintiffs filed a Notice of Appeal, seeking to appeal the undersigned's Order (Dkt. #9) because it was "clearly erroneous and an abuse of discretion for the court to take an unreasonably long amount of time

to rule on the summary judgment motion and/or serve process on the defendants [*sic*] in a timely manner." Notice of Appeal (Dkt. #10). On February 25, 2015, the Ninth Circuit dismissed the appeal because the order challenged on appeal was not final or appealable. *See* Order of USCA (Dkt. #16).

## I. APPLICATIONS TO PROCEED IN FORMA PAUPERIS (DKT. ##10, 11)

Plaintiffs have submitted the affidavits required by § 1915(a) showing that they are each unable to prepay fees and costs or give security for them. For reasons set forth more fully below, the court will grant Leal-Mendez's Application and hold Emrit's in abeyance pending his response to an order to show cause entered today in this case.

## II. SCREENING THE COMPLAINT

### A. Factual Allegations

The Complaint alleges that Plaintiff Leal-Mendez has been diagnosed with hypertension, sleep apnea, and fibromyalgia. She believes that "she suffers from a mysterious parasitic infection which is sexually-transmitted and which she obtained from a criminal recidivist named Willie Walker of Providence, RI." Complaint at ¶ 25. She also believes she suffers from bipolar disorder, paranoid schizophrenia, and/or schizoaffective disorder, but she has not been diagnosed with those impairments. The Complaint alleges Leal-Mendez was ordered by an unspecified court to seek psychiatric counseling in connection with misdemeanor charges of disorderly conduct and resisting arrest that were expunged from Leal-Mendez's criminal record. Plaintiffs allege that if Leal-Mendez does not receive psychiatric counseling by "an unspecified date," a bench warrant will be issued for her arrest in Rhode Island.

Additionally, since 2003, the Social Security Administration (the "SSA") has denied Leal-Mendez's claims for disability despite her various ailments. Leal-Mendez attempted to "provide a sample of a hemorrhage from her uterus" to her doctor, Dr. Lucia Dias-Hoff, but the doctor did not examine it. Although Plaintiffs did not name Dr. Hoff as a Defendant here, they contend her negligence is a reason her disability claims were denied by SSA.

/ / /

/ / /

### B. Plaintiffs' Claims

Plaintiffs allege that the SSA is liable on the following claims: (i) negligence; (ii) conversion; (iii) intentional infliction of emotional distress; (iv) violation of the Americans with Disabilities Act of 1990; (v) violation of Title VII of the Civil Rights Act of 1964; (vi) violation of 42 U.S.C. § 1983; (vii) violation of the equal protection clauses of the Fifth and Fourteenth Amendments; (viii) violation of the due process clauses of the Fifth and Fourteenth Amendments; and (ix) violation of the privileges and immunities clause of section 4, clause 2, section 1 of the U.S. Constitution. Each claim alleges the SSA is liable because it deprived Leal-Mendez of her "Social Security disability benefits notwithstanding the fact that she suffers from stage II hypertension (high blood pressure), sleep apnea, fibromyalgia, and what appears to be bipolar disorder and a mysterious parasitic infection." Complaint at ¶¶ 32–42. Plaintiffs seek damages in the amount of $250,000. Plaintiff Emrit "claims to be the guardian or guardian ad litem" for Leal-Mendez, and he "anticipates that he will be the potential payee" for Leal-Mendez's benefits, and therefore he has standing to sue.

### C. Legal Standard

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Id.* at 679–80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations in a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*). For the reasons discussed below, the court finds the Complaint does not state a claim upon which relief can be granted.

**D.    Analysis**

*1.    Emrit Lacks Standing to Assert Claims*

As an initial matter, Emrit does not have standing to assert violations of Leal-Mendez's rights. *See Barrows v. Jackson*, 346 U.S. 249, 255 (1953) (stating "one may not claim standing in this Court to vindicate the constitutional rights of some third party"). Emrit has not set forth any facts in the Complaint to state a claim on his own behalf. Rather, all of the allegations concern the denial of Leal-Mendez's disability claim by the SSA. As such, Emrit has not stated a cognizable claim.

Furthermore, Emrit asserts that he is Leal-Mendez's guardian or guardian ad litem, but he has not been granted leave to appear as in that capacity in this case, nor could he be. Absent statutory authorization, pro se parties may not pursue claims on behalf of others in a representative capacity. *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 665 (9th Cir. 2008) (collecting cases). In fact, in *Johns v. County of San Diego*, the Ninth Circuit held that even a parent or guardian may not being suit in federal court on behalf of their child without first

- 4 -

retaining an attorney.  114 F.3d 874, 876 (9th Cir. 1997).  Emrit is not an attorney, and he may not appear in this case as Leal-Mendez's representative or guardian ad litem.  Therefore, Emrit has not stated any claim upon which relief can be granted in the Complaint.

### *2.     The Complaint Does Not Satisfy the Pleading Standard in Rule 8*

Second, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement" of a plaintiff's claims.  It must set forth who is being sued, for what relief, and on what grounds, with enough detail to guide discovery.  *See, e.g.*, *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1995).  Where multiple claims are brought, a complaint should identify which factual allegations give rise to each particular claim.  *Id.*  Here, the Complaint does not satisfy Rule 8's notice pleading standard.  All of the claims reiterate the same language—namely, that the SSA is liable for a particular claim because it denied Leal-Mendez's disability claim(s).  There are no specific facts set forth to support any of the claims alleged—*i.e.*, what type of claim Leal-Mendez filed for disability benefits with the SSA, whether she exhausted her administrative remedies, or when any of the alleged conduct occurred.  The Complaint does not comply with Rule 8, and it does not state a claim on this basis alone.

### *3.     Sovereign Immunity and Substantive Claims*

Even assuming the Complaint set forth sufficient factual allegations, it names the Social Security Administration—a federal agency—as the sole Defendant.  Absent an express waiver, the federal government and its agencies are immune from suit under the doctrine of sovereign immunity, and the court does not have jurisdiction.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

#### a.     <u>42 U.S.C. § 1983 and Constitutional Tort Claims</u>

Leal-Mendez cannot state a constitutional tort claim against the SSA because it is an agency of the federal government.  *Id.* at 486.  First, Leal-Mendez asserts claims for violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendment pursuant to 42 U.S.C. § 1983.  To state these claims, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1988)

(citation omitted).  "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights."  *McDade v. West*, 223 F.3d 1135, 1139 (emphasis added) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).  Here, the named Defendant is an agency of the federal government, and there are no state actors named in the Complaint.  The Complaint does not state a claim under § 1983 upon which relief can be granted.

### b. *Bivens* and Constitutional Tort Claims

Second, Leal-Mendez cannot state a claim against the SSA pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  A *Bivens* claim differs from a § 1983 claim only because a federal, rather than a state, defendant is sued.  *Id.* (citing *Kreines v. United States*, 959 F.2d 834, 837 (9th Cir. 1992)).  The Supreme Court has held that a federal agency is not subject to liability for damages under *Bivens*.  *See Meyer*, 510 U.S. at 485 (noting that purpose of *Bivens* remedy is to deter the federal officer, and allowing suits against the officer's employer would not promote the deterrence contemplated by *Bivens* because if suits against federal agencies were allowed, plaintiffs would never sue the individual officer).  Accordingly, Leal-Mendez cannot assert constitutional claims against the SSA.  The Complaint has, therefore, failed to state a *Bivens* claim.

### c. ADA and Title VII Claims

The Complaint does not state a claim under either the Americans with Disabilities Act or Title VII of the Civil Rights Act of 1964.  Title I of the ADA prohibits public and private employers from discriminating against qualified individuals with disabilities in employment practices.  *See Bass v. County of Butte*, 458 F.3d 978, 980 (9th Cir. 2006).  Title VII allows a plaintiff to sue an employer for discrimination on the basis of race, color, religion, gender or national origin.  *See* 42 U.S.C. § 2000e(b).  Leal-Mendez does not allege she is or was ever employed by the SSA or that she exhausted administrative remedies before bringing these claims.  In addition, she does not allege that she was discriminated against in public accommodation in violation of Title III of the ADA.  The Complaint does not state an ADA or Title VII claim.

### d. Appeal of Denial of Disability Benefits

The only potential claim Leal-Mendez may be able to state is for the SSA's denial of benefits to her. Before a disability claimant who has been denied benefits by the SSA can file a lawsuit in federal court, however, she must exhaust her administrative remedies. 42 U.S.C. § 405(g). *See Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, she can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by a United States District Court. *See generally* 20 C.F.R. §§ 404, 416. Once a plaintiff has exhausted her administrative remedies, she can obtain review of an SSA decision denying benefits by commencing a civil action within sixty days after notice of a final decision. *Id.* An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which the plaintiff resides. *Id.*

Here, the Complaint does not state a claim to appeal the SSA's denial of benefits. As set forth above, the Complaint does not comply with Rule 8. To state a valid benefits claim, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002), *abrogated by Twombly*, 550 U.S. 544 (2007). In the context of an appeal of the SSA's denial of benefits, Rule 8 requires a complaint to state the nature of a plaintiff's disability, when plaintiff claims she became disabled, and when and how she exhausted her administrative remedies. It should also contain a plain, short, and concise statement identifying the nature of plaintiff's disagreement with the determination made by the SSA and show that plaintiff is entitled to relief. The Complaint does not allege any of these facts, and therefore, does not state a claim for review of any SSA decision.

### e.     State Law Tort Claims/Federal Tort Claims Act Claims

The Complaint alleges claims for negligence and intentional infliction of emotional distress against the SSA, both of which are tort claims that arise under state law. Under the doctrine of supplemental jurisdiction, previously pendent jurisdiction, a federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). Because the court finds the Complaint does not state a valid federal claim, it does not have supplemental jurisdiction over these tort claims arising under state law. Additionally, any federal tort claims may only be asserted under the Federal Tort Claims Act which require administrative exhaustion.

For the reasons explained above, the Complaint does not state a claim upon which relief can be granted. Normally, the court would direct the Clerk of Court to file it and would dismiss it with leave to amend. However, the court will direct the Clerk of Court to retain the Complaint until the court has reviewed Plaintiffs' responses to a separately entered order to show cause why they should not be barred from filing any further action in this court proceeding in forma pauperis without first obtaining permission from the court to file a complaint.

## II.    PLAINTIFFS' PENDING MOTIONS

While Plaintiffs' Applications to Proceed In Forma Pauperis were pending, Plaintiffs filed the following motions: Motion in Limine (Dkt. #17), Motion to Reopen Case (Dkt. #18), and Motion to Vacate Order Dismissing Case (Dkt. #19). The Motion in Limine is premature, just as the previously filed motions were premature. *See* Order (Dkt. #9) (denying without prejudice Plaintiffs' Motion to Subpoena Witnesses (Dkt. #3), Motion to Compel Discovery (Dkt. #4), Motion for Default Judgment (Dkt. #6), and Motion for Summary Judgment (Dkt. #8) as premature). Additionally, this case is not closed, and there is no order dismissing the case to vacate. The court therefore denies the Motion to Reopen Case (Dkt. #18), and Motion to Vacate Order Dismissing Case (Dkt. #19).

Based upon the foregoing,

/ / /

/ / /

**IT IS ORDERED:**

1. Leal-Mendez's Application to Proceed in Forma Pauperis (Dkt. #11) is GRANTED. She shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Leal-Mendez is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefore. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. Emrit's Application to Proceed in Forma Pauperis (Dkt. #10) is HELD IN ABEYANCE until the court has reviewed his responses to an order to show cause entered today in this case.

4. The Clerk of the Court shall **RETAIN** the Complaint. The court will address what action to take with respect to the complaint after reviewing the Plaintiffs' response to a separately entered Order to Show Cause.

5. The Motion in Limine (Dkt. #17) is DENIED AS PREMATURE.

6. The Motion to Reopen Case (Dkt. #18) and Motion to Vacate Order Dismissing the Case (Dkt. #19) are both DENIED, as this case is not closed, and there is no order dismissing the case to vacate.

Dated this 22nd day of April, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE